**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZENAIDA FALU, | : | NO. 4:25-CV-01550 |
| Plaintiff, | : | |
| | : | (MUNLEY, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO, | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Zenaida Falu brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits under Title II of the Social Security Act. *See* Transcript, doc. 7-3 at 7.

Falu argues that the Administrative Law Judge (ALJ) erred in assessing her residual functional capacity (RFC) by failing to develop the record and improperly assessing her pain symptoms. *See* Pl.'s Br., doc. 12 at 8, 13. Because the ALJ's determination is supported by substantial evidence, the undersigned respectfully recommends that the Court affirm the decision of the Commissioner.

## I.    <u>BACKGROUND</u>

### A.    Procedural History

On February 6, 2020, Falu applied for disability insurance benefits under Title II of the Social Security Act, alleging disability as of August 31, 2013. Doc. 7-3 at 2. Following an initial denial, Falu exhausted the administrative appeals and filed a prior civil action in this Court. *See Falu v. Kijakazi*, No. 21-2061, doc. 1. The Court issued an order to remand the case for further proceedings. *See* doc. 7-13 at 52; *id.* at 48-49 (explaining that the ALJ discounted all medical opinions and relied upon his own lay interpretation).

After remand, the ALJ conducted a new hearing and determined that Falu is not disabled. Doc. 7-12 at 20, 29. Falu filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Falu's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 12-14) and ripe for resolution.

## B.    The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1.    has engaged in substantial gainful activity since the onset of the alleged disability;

2.    had a severe medically determinable impairment;

3.    suffered from an impairment listed in the regulations as presumptively disabling;

4.    could return to his past work; and

5.    could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past

relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C.    Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Falu "was not under a disability . . . at any time from August 31, 2013, the alleged onset date, through December 31, 2018, the date last insured." Doc. 7-12 at 20. Although the ALJ determined that Falu has the medically determinable severe impairment of "degenerative disc disease of the spine and a history of atrial septal defect," the ALJ assessed that Falu has the RFC to perform light work: "except the claimant can lift 25 pounds occasionally and frequently with occasional overhead with the dominant right upper extremity. The claimant can sit, stand, and walk 6 hours each in an 8-hour workday." *Id.* at 13 (step-two analysis), 15 (RFC finding).

Falu raises two issues, arguing that the ALJ erred at the RFC stage by: (1) failing to fully develop the record; and (2) making errors with symptom evaluation. Doc. 12 at 8, 13. Adhering to the deferential standard of review outlined below, the undersigned respectfully recommends that the Court affirm the decision of the Commissioner.

## II.   <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an

adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Falu is disabled, but whether the Commissioner's finding that Falu is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been

held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  ANALYSIS

Falu argues two issues on appeal. She contends that the ALJ erred at the RFC stage by: (1) failing to fully develop the record; and (2) making errors with symptom evaluation. Doc. 12 at 8, 13. The undersigned addresses each argument in turn.

## A.    The ALJ fully developed the record at the RFC stage.

The crux of Falu's argument is that the ALJ found persuasive the medical opinion of Dr. Tedesco, who did not review two relevant MRIs. *See id.* at 10-11. And because Dr. Tedesco did not review these MRIs, the ALJ improperly dismissed the MRIs when he concluded that they are "far removed from the date last insured." *Id.* at 12. The undersigned finds this argument unpersuasive for two reasons.

First, the ALJ's burden of articulation at the RFC stage is not high. The ALJ "may consider many factors yet base a decision on just one or two." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024). The ALJ need only explain the "dispositive reasons for their decisions, not everything else that they considered." *Id.* "[I]n most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). The ALJ here satisfied his burden of articulation at the RFC stage by explaining his reasoning for finding Dr. Tedesco's opinion persuasive while affording less weight to the MRIs, which fell outside the relevant period of disability. *See* doc. 7-12 at 17-18.

In finding Dr. Tedesco's opinion persuasive, the ALJ properly explained that Dr. Tedesco "had the benefit of reviewing the objective

Page 8 of 16

records from *the alleged onset date through the date last insured.*" *Id.* at 18 (emphasis added). As for the two MRIs that Falu contends Dr. Tedesco should have reviewed, the ALJ explained that they fell outside the relevant disability period. *Id.* at 17.

For a claim of disability insurance benefits, as Falu applied for in this case, it is the claimant who bears the burden of establishing disability "between the onset date of disability and the date that her insured status expired." *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014); *see* 42 U.S.C. § 423(a)(1)(A); 20 C.F.R. § 404.131. Evidence generated after a claimant's date last insured can relate to the conditions during the insured period, but that evidence does not necessarily compel the Commissioner to find that the claimant's condition during the insured period was as severe as it became after the date last insured. *See Zirnsak*, 777 F.3d at 614. "Further, a medical condition which begins during a claimant's insured period, but does not become disabling until after its expiration, may not be the basis for qualification for disability benefits under the Act." *Capoferri v. Harris*, 501 F. Supp. 32, 36 (E.D. Pa. 1980), *aff'd*, 649 F.2d 858 (3d Cir. 1981).

Here, Falu had the burden of establishing her disability between August 31, 2013, and December 31, 2018. *See* doc. 7-12 at 16. The ALJ accurately noted that many of the records received since the hearing prior to the Court's remand order post-date the date last insured. *Id.* In fact, the two MRIs that Falu argues should have been considered by Dr. Tedesco was taken more than a year after the date last insured. *See* doc. 12 at 11 (noting cervical MRI taken February 2, 2020, and lumbar MRI taken October 15, 2020). While the MRIs may relate to Falu's conditions prior to the date last insured, the Commissioner was not required to make a disability finding based on these MRIs. *See Pearson v. Comm'r of Soc. Sec.*, 839 F. App'x 684, 689 (giving minimal weight to evidence generated after a claimant's date last insured); *see also Gillhooley v. Kijakazi*, No. 22-1581, 2023 WL 7170641, at *9 (M.D. Pa. Oct. 31, 2023), citing *Ortega v. Comm'r of Soc. Sec.*, 232 F. App'x 194, 197 (3d Cir. 2007) (noting that evidence post-dating a claimant's date last insured is less relevant because a claimant must prove disability in the relevant time period).

Second, Falu confusingly argues that "the ALJ failed to consider that Dr. Tedesco did have have [*sic*] the opportunity to review pertinent

Page 10 of 16

diagnostic studies." Pl.'s Reply Br., doc. 14 at 3.[1] And she further assumes that the ALJ, who was not qualified, reviewed the MRIs to assess Falu's RFC, because the ALJ remarked that the MRIs were far removed from the date last insured and could not be clinically correlated with Ms. Falu's relevant period. *Id.* at 4. But the ALJ did not enter a lay opinion to assess the MRIs for their medical information.

Rather, the ALJ followed the regulation and observed that because the MRIs fell outside the relevant disability period, he would not give them significant weight in determining Falu's disability. That was not error, and Falu does not persuade otherwise. Instead, it appears she is asking the Court to independently make a factual finding that those MRIs relate significantly to the disability conditions during the relevant period, and that the Court should remand for further consultative examinations. *See* doc. 12 at 12-13. Under the deferential standard of

---

[1] Dr. Tedesco's evaluation reveals that he in fact received medical records post-dating the date last insured and incorporated them into his RFC finding. *See* doc. 7-3 at 10-11 (noting receipt of reconsideration evidence dating 9/17/20, 9/8/20, and 5/15/20), 15-16 (RFC explanation). True, Dr. Tedesco did not base his RFC findings on the MRIs that post-date the date last insured. Still, Dr. Tedesco reviewed other reconsideration evidence as far out as July 21, 2020, which noted that Falu's physical examination was "essentially normal." *Id.* at 16.

review, the Court cannot make such a finding. *Williams*, 970 F.2d at 1182 (noting that the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.").

Falu further argues that Dr. Tedesco, not the ALJ, should have considered the two MRIs because "lumbar degeneration is not a sudden illness but a slow, decades-long decline of spinal discs." *See* doc. 14 at 4. The ALJ, however, never denied Falu's lumbar degeneration, and had already found a severe degenerative disc disease of the spine at step two. Doc. 7-12 at 13. Likewise, Dr. Tedesco considered Falu's degenerative disc diseases of both the cervical and lumbar spines to determine the RFC. Doc. 7-3 at 15.

On the record before him, the ALJ correctly assessed the RFC based on a thorough review of years of treatment records and Dr. Tedesco's medical opinion, which he found persuasive. Even accepting, as Falu contends, that Dr. Tedesco's opinion was based on an incomplete record, the ALJ himself "did consider the complete record and determined that it was consistent with [Dr. Tedesco's] conclusion, and the ALJ, not physicians or consultants, must make the ultimate disability determinations." *Scouten v. Comm'r Soc. Sec.*, 722 F. App'x 288, 290-91

(3d Cir. 2018), citing *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).  Thus, the ALJ did not err in his RFC determination by failing to further credit the MRIs that fell outside the relevant disability period. *See Manzo v. Sullivan*, 784 F. Supp. 1152, 1156 (D.N.J. 1991) ("Evidence of an impairment which reached disabling severity after the date last insured, or which was exacerbated after this date, cannot be the basis for the determination of entitlement to a period of disability and disability insurance benefits, even though the impairment itself may have existed before plaintiff's insured status expired.").

"If substantial evidence exists, [the Court] must affirm the ALJ's interpretation of the evidence even if [the Court] might have interpreted the evidence differently in the first instance." *Balsavage v. Dir., Off. of Workers' Comp. Programs*, 295 F. 3d 390, 395 (3d Cir. 2002) (citation modified). The ALJ's factual findings are supported by substantial evidence, and so the undersigned recommends that the Court affirm the decision of the Commissioner.

### B.   Substantial evidence supports the ALJ's symptom evaluation.

Falu next argues that the ALJ made multiple errors with symptom evaluation that compel reversal. Doc. 12 at 13. Not so. The Court "defers

Page 13 of 16

to the ALJ's assessment of credibility" provided that the ALJ "specifically identif[ied] and explain[ed] what evidence he found not credible and why he found it not credible." *Zirnsak*, 777 F.3d at 612-13. The ALJ here did just that. He explained that Falu's testimony concerning the severity of her symptoms was not entirely credible because it conflicted with the treatment notes, the medical opinion evidence, and her activities of daily living. *See* doc. 7-12 at 17, 19.

The Court ordinarily defers to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess a witness's demeanor. *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003), citing *Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001). "The credibility determinations of an administrative judge are virtually unreviewable on appeal." *Hoyman v. Colvin*, 606 F. App'x 678, 681 (3d Cir. 2015), citing *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002). Here, the ALJ appropriately weighed the record evidence, including Falu's hearing testimony, and concluded that her statements concerning the intensity, persistence, and limiting effects of the symptoms were less than fully persuasive "to the extent they are inconsistent with the . . . [RFC]." Doc. 7-12 at 18.

Because the ALJ considered all the evidence and adequately explained the decision for including or discounting certain limitations as established by the evidence, the undersigned finds no error with the decision. Under the deferential standard of review that applies to appeals of Social Security disability determinations, the undersigned concludes that substantial evidence supported the ALJ's evaluation of this case, and recommends that the Court affirm the Commissioner's decision.[2]

## IV.    <u>RECOMMENDATION</u>

Accordingly, the undersigned respectfully recommends that:

1.    The decision of the Commissioner of Social Security denying Falu's benefits under the Social Security Act be **AFFIRMED**; and

2.    The Clerk of Court be **DIRECTED** to **CLOSE** this case.

---

[2] The undersigned has considered Falu's remaining arguments as to the ALJ's errors in symptom evaluation and find them to be unavailing. *See* doc. 14 at 5-9 (listing six ways the ALJ erred in evaluating Falu's symptoms). The undersigned flags one argument in particular because Falu's attorney mischaracterizes the record. Falu argues that the ALJ erred in considering her "provid[ing] extensive care for [her] husband during the period at issue," because the ALJ "failed to enquire what this care entailed[.]" Doc. 12 at 13-14. The hearing transcript says otherwise. The ALJ specifically asked Falu at the oral hearing, "Your husband was unwell, and you were providing care for him. What kind of care did you do for him?" Doc. 7-12 at 35. Falu responded that she provided medications, took him to the bathroom, made his bed, and tried to put him in the bed. *See id.* at 36. Thus, the record clearly supports the ALJ's decision, which considered Falu's role in taking care of her husband.

Page 15 of 16

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: May 29, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge